# Exhibit 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KOCH MINERALS SÀRL,** *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **BOLIVARIAN REPUBLIC OF VENEZUELA,** <br><br> **Defendant.** | Civil Action No. 17-cv-2559-ZMF |

## MEMORANDUM OPINION & ORDER

On August 18, 2021, this Court issued Memorandum Opinion and Order granting summary judgment pursuant to Federal Rule of Civil Procedure Rule 56(a) in favor of Plaintiffs, Koch Minerals Sàrl ("Koch Minerals") and Koch Nitrogen International Sàrl ("Koch Nitrogen"). *See* ECF No. 55. The Court also stated that it "will enter judgment in favor of the Plaintiffs and confirm the ICSID award." *Id*. at 7.

Plaintiffs now move for an order pursuant to 28 U.S.C. § 1610(c) to attach Defendant Bolivarian Republic of Venezuela's assets to aid in the execution of the judgment. Plaintiff also seeks permission to register the judgment in other judicial districts pursuant to 28 U.S.C. § 1963. The Court grants the requested relief.[1]

---

[1] The Court presumes that the parties are familiar with the allegations in this case, and thus will dispense with a detailed recitation of those allegations. *See Koch Mins. Sarl v. Bolivarian Republic of Venez.*, No. 17-cv-2559, 2021 WL 3662938, at *1 (D.D.C. Aug. 18, 2021) (providing factual background).

1

I.  **Discussion**

    A.    <u>Relief Pursuant to § 1610(c)</u>

Where a litigant seeks to attach the property of a foreign state located in the United States, such attachment is not permitted "until the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). Here, Defendant disputes that a reasonable period of time has elapsed since the entry of judgment. *See generally* Def.'s Resp., ECF No. 58.

    1.    <u>The Court's August 18, 2021, Judgment</u>

On August 18, 2021, this Court issued an Order granting summary judgment for the Plaintiffs. The Court's August Order was a combination document that both declared judgment and explained the reasons for such ruling. "The problem with such combination documents, said the Advisory Committee, was that they left doubt 'whether the purported entry of judgment was effective, starting the time running . . . for the purpose of appeal.'" *Kidd v. D.C.*, 206 F.3d 37, 37 (D.C. Cir. 2000) (quoting Fed. R. Civ. R. 58, Notes of Advisory Committee on 1963 amendments).

Defendant argues that the "reasonable period of time" required in § 1610(c) does not begin until the Court renders judgement *and* the clerk of the court enters that judgment in a separate order pursuant to Federal Rule of Civil Procedure Rule 58. *See* Def.'s Resp. at 1. Defendants rely on *Abdulwali v. Wash. Metro. Area Transit Auth.* which held that "Rule 58 requires that 'every judgment . . . be set forth on a separate document.'" 315 F.3d 302, 304 (D.C. Cir. 2003) (quoting Fed. R. Civ. P. 58). However, "the 'sole purpose [of the separate-document requirement]' of Rule 58 was to clarify when the time for an appeal begins to run." *Diamond by Diamond v. McKenzie*, 770 F.2d 225, 230 (D.C. Cir. 1985) (quoting *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 384 (1978)). Indeed, the *Abdulwali* court recognized as much. *See* 315 F.3d at 303. The Advisory Committee

further explained that they added the "separate-document" requirement to Rule 58 to ensure that the "time for making motions under Rules 50, 52, 54(d)(2)(B), 59, and . . . Rule 60[] . . . begins to run." Fed. R. Civ. R. 58, Notes of Advisory Committee on 2002 amendments.

The time to appeal a Rule 56 entry of judgment is not at issue here. The question then is how the Rule 58 procedure for entering judgment intersects with the § 1610(c) requirement for "the entry of judgment." The Rule 58 Advisory Committee notes state that the "definition of . . . entry of judgment must be applied with common sense to *other* questions that may turn on the time when judgment is entered." Fed. R. Civ. R. 58, Notes of Advisory Committee on 2002 amendments (emphasis added). Overlay this with the fact that § 1610(c) "speaks in terms of 'time,' not procedural milestones" and the analysis becomes clearer. *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 10 (D.D.C. 2015). At bottom, the question under § 1610(c) is whether the foreign state defendant received "adequate notice" that payment was due pursuant to a court's order. *Agudas Chasidei Chabad of U.S. v. Russian Fed'n*, 798 F. Supp. 2d 260, 271 (D.D.C. 2011) (citing H.R.Rep. No. 94–1487, at 30 (1976), 1976 U.S.C.C.A.N. 6604, 6612). If such defendant fails to pay in a reasonable time period, the plaintiff can trump sovereign immunity and attach to the foreign state's assets.

Common sense dictates that the Defendants were on notice as of August 18, 2021, that the Court entered judgment against them. *See* ECF No. 55. Indeed, the clerk of the court closed the docket that same day. *See* Docket. Defendants knew from that day the exact payment that was due. Because the "foreign power ha[d] a fair and adequate opportunity to appear and contest any attachment or execution" since August 18, 2021, § 1610(c)'s notice requirement is satisfied. *Agudas Chasidei*, 798 F. Supp. 2d at 271.

Even if the Court accepts Defendant's argument that the reasonable time period begins only after Rule 58 was satisfied, the Court's reasoning would be unchanged. Rule 58 states that judgment is entered either when it is set out on separate document *or* when "150 days have run from the entry of the civil docket." Fed. R. Civ. R. 58(c)(2)(B). The 150-day clock ran on January 15, 2022, "notwithstanding the lack of a separate document" here.[2] *Cambridge Holdings Grp., Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1364 (D.C. Cir. 2007). Thus, as of January 15, 2022, judgement for Rule 58 purposes was satisfied and the time to appeal had started. *Id*.

2. <u>Reasonable Time Period</u>

"According to relevant legislative history, a court's determination of 'reasonable time' should be informed by an examination of the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (citing H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976)). Although the length of a reasonable time "'will of course vary according to the nuances of each case,' courts have found a period of three months and less reasonable." *Owens,* 141 F. Supp. 3d at 9 (quoting *Ned Chartering*, 130 F. Supp. 2d at 67) (collecting cases). This is in part because as little as "six weeks . . . is sufficient for most governments to pass the minor legislation necessary to appropriate funds, and to organize and transfer the appropriate assets." *Ned Chartering*, 130 F. Supp. 2d at 67. Moreover, "courts are more likely to find a reasonable time has elapsed where no evidence of an

---

[2] For the sake of clarity, the Court issued a separate order on January 18, 2022, and the clerk of the court subsequently entered judgment. The Court's January 18, 2022, order does not affect when judgment was entered for Rule 58 purposes. The operative date for the "entry of judgment" is "150 days after the order [was] entered on the docket." *Cambridge Holdings Grp. Inc.*, 489 F.3d at 1364, because that was the "earlier of [the] events." Fed. R. Civ. Pro. 58(c)(2).

4

attempt to pay judgment is offered." *Saint Gobain Performance Plastics Eur. v. Bolivarian Republic of Venez.*, No. 20-cv-129, 2021 WL 6644369, at *2 (D.D.C. July 13, 2021)

More than six months have passed since the entry of the Court's August 18, 2021, Order. "Because [six] months fits well within what courts have determined constitutes a reasonable time under § 1610(c), the Copurt will grant [Plaintiffs'] motion."[3] *Id.* at *2; s*ee also Gold Reserve Inc. v. Bolivarian Republic of Venez.*, No. 14–cv–2014, 2016 WL 11770459, at *1 (D.D.C. Jan. 20, 2016) (two months satisfied § 1610(c)); *Crystallex Int'l Corp.*, 2017 WL 6349729, at *1 (same).

Defendants argue that the ongoing political and humanitarian crisis currently prevents them from paying the judgment. "The Court does not mean to discount the political turmoil [and humanitarian crisis] currently being experienced by the Venezuelan people. However, the political reality in Venezuela is a factor generally outside the considerations a court should analyze when determining whether a reasonable time has elapsed since entry of judgment under § 1610(c)." *Saint Gobain.*, 2021 WL 6644369, at *2. Instead, courts have "considered 'evidence that the foreign state is actively taking steps to pay the judgment,' the steps necessary to pay the judgment, or evidence of evasion of the judgment." *Crystallex*, 2017 WL 6349729, at *1 (citing *Ned Chartering*, 130 F. Supp. 2d at 67. There is "no evidence of [Venezuela's] progress [towards the payment of its debt]" in this case or in similar cases where it had outstanding judgments. *Saint Gobain*, 2021 WL 6644369, at *2 (citing *OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, 419

---

[3] Alternatively, it has been 38 days since the Rule 58 judgement date. This is still a sufficient passage of time given the unique circumstances of this case. Defendant had 150 days prior to that date to implement "the procedures necessary for the foreign state to pay the [anticipated] judgment (such as the passage of legislation)" and prepare to "actively tak[e] steps to pay the judgment." *Ned Chartering*, 130 F. Supp. 2d at 67. Yet Defendant failed to do so and possibly attempted to evade payment, as corroborated by their actions with similarly situated plaintiffs. *See infra*. Thus, a reasonable time period has elapsed regardless of whether the shot clock began on the August or January date.

F. Supp. 3d 51, 54–55 (D.D.C. 2019)). In fact, Defendant has conceded that it cannot fulfill its obligations at this time. See Def.'s Resp. at 4. And "there is at least some evidence that the defendant is actually attempting to evade its obligation." *Ned Chartering*, 130 F. Supp. 2d at 67; *see also Koch Mins. Sarl v. Bolivarian Republic of Venez.*, 514 F. Supp. 3d 20, 34 (D.D.C. 2020) ("Venezuela has a documented history of playing a shell game" to avoid service of process in this and similar litigation).

Defendant lastly argues that it is unreasonable to permit Plaintiffs to enforce its judgment in the absence a specific license from the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"). Def.'s Resp. at 4. "[Plaintiffs'] failure to obtain a proper OFAC license is likewise irrelevant to this Court's decision under § 1610(c)." *Saint Gobain*, 2021 WL 6644369, at *3. "An order for § 1610(c) relief does not authorize the attachment or execution of any particular asset or property." *Id.* (citing *Agudas Chasidei*, 798 F. Supp. 2d at 270). "As such, this Court need not consider whether [Plaintiffs are] properly licensed under OFAC in its determination of whether a reasonable time has elapsed since judgment." *Id.* (citing *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. 01-cv-0634, 2002 WL 32107929, at *1 (S.D. Tex. Jan. 25, 2002) ("reasonable time inquiry does not require findings regarding whether specific property is exempt from execution or otherwise not available for satisfaction of judgment"). The decision for the permissibility of attachment (with or without an OFAC license) will fall to the court that enforces the attachment and disposes of Defendant's assets, which here will likely be the District of Delaware. *See Owens*, 141 F. Supp. 3d at 11 (citing *Agudas Chasidei*, 798 F. Supp. 2d at 270–71).

B.     Relief Pursuant to § 1963

28 U.S.C. § 1963 provides that a party may register a judgment in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal *or* when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963 (emphasis added). By its plain language, § 1963 does not require a final judgment. Nor is there a requirement for a reasonable period of time to pass from entry of judgment.

Plaintiffs seek a § 1963 order for good cause shown. "[G]ood cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Spray Drift Task Force v. Burlington Bio–Med. Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (quoting *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002)). "Because the Republic [of Venezuela] lacks assets in the District of Columbia but retains significant assets in the District of Delaware, the Court finds that good cause exists sufficient to grant [Plaintiffs'] motion to register judgment in any judicial district, including Delaware." *Saint Gobain*, 2021 WL 6644369, at *5 (citing *Crystallex*, 2017 WL 6349729, at *2); *see* Pl.'s Mot. Relief at 5, ECF No. 57. Indeed, there is sprawling litigation in the District of Delaware in which "[s]everal Venezuelan creditors are seeking to satisfy Venezuela's debts" using assets attached therein. *Koch Mins.*, 514 F. Supp. 3d at 27 (quoting *Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 15-cv-1082, 2019 WL 6785504, at *1, 3 (D. Del. Dec. 12, 2019)).

**II.     Conclusion**

For these reasons, it is hereby **ORDERED** that:

1. Plaintiff's motion for relief pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 (ECF No. 58) is **GRANTED**;

2. the Court finds that Defendant has received notice of the judgment and a reasonable time has now elapsed under 28 U.S.C. § 1610(c) following entry of the judgment in this case; and

3. the Court finds good cause to permit Plaintiff to register the judgment in other judicial districts of the United States, including the District of Delaware.

**SO ORDERED.**

                                                                                                                     _____
                                                                                                                     ZIA M. FARUQUI
                                                                                                                     UNITED STATES MAGISTRATE JUDGE