IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KOCH MINERALS SÀRL, KOCH NITROGEN INTERNATIONAL SÀRL<br><br>Plaintiffs,<br><br>v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:  Misc. No.: 22-mc-00156<br>:<br>:<br>:<br>:<br>: |

**PETRÓLEOS DE VENEZUELA, S.A.'S MOTION TO INTERVENE
AND TO STAY BRIEFING ON PLAINTIFFS' ATTACHMENT MOTION**

Petróleos de Venezuela, S.A. ("PDVSA") respectfully moves this Court for an order (i) permitting it to intervene in this action and (ii) staying briefing on plaintiffs Koch Minerals Sàrl and Koch Nitrogen International Sàrl's (together, "Plaintiffs") Motion for a Writ of Attachment *Fieri Facias* [D.I. 2] (the "Attachment Motion"). The Attachment Motion seeks an order authorizing the eventual issuance and service of a writ of attachment *fieri facias* against the shares of PDV Holding, Inc. ("PDVH"), which are owned by PDVSA. For the reasons set forth below, PDVSA respectfully requests that the Court enter the requested order permitting PDVSA to intervene in this proceeding and staying briefing on Plaintiffs' Attachment Motion.[1]

---

[1] Pursuant to Local Rule 7.1.1, prior to filing this motion, counsel for PDVSA contacted counsel for Plaintiffs to ask if Plaintiffs would consent to PDVSA's intervention. Given the similarities between Plaintiffs' Attachment Motion and those filed by OIEG, *OI Eur. Grp. BV v. Bolivarian Republic of Venezuela*, Misc. No. 19-mc-290-LPS, D.I. 48-49 (D. Del. Feb. 19, 2021), Huntington Ingalls, *Northrop Grumman Ship Sys. Inc. v. Ministry of Def. of Republic of Venezuela*, Misc. No. 20-mc-257, D.I. 25-26 (D. Del. Feb. 19, 2021), ACL, *ACL1 Investments, Ltd., et al. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-0046-LPS, D.I. 2-3 (D. Del. Nov. 22, 2021) and Rusoro, *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-481-LPS, D.I. 2, D.I. 4-1 (D. Del. Feb. 9, 2022), PDVSA's counsel also requested that Plaintiffs consent to stay briefing

## **GROUNDS FOR INTERVENTION**

Plaintiffs are judgment creditors of the Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") whose judgment stems from arbitration awards based upon Venezuela's expropriation of Plaintiffs' fertilizer plants in Venezuela in 2010. D.I. 5-1 at 4. PDVSA was not a party to the arbitration. In August 2021, the United States District Court for the District of Columbia recognized the awards and entered judgments against the Republic. *Id.* The August 2021 judgments were later corrected and consolidated into a single judgment entered on February 22, 2022 (the "Judgment"). *Id.* at 5. Plaintiffs have no judgment against PDVSA.

On March 31, 2022, Plaintiffs registered the Judgment in this Court. D.I. 1. On October 7, 2022, Plaintiffs filed the Attachment Motion, seeking an order authorizing the issuance of a writ of attachment *fieri facias* against the shares of PDVH, which are wholly owned by PDVSA. D.I. 2.

PDVSA is the national oil company of Venezuela and is an undisputed "agency or instrumentality of a foreign state" under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1602, *et seq.* (the "FSIA"). As a result, PDVSA is presumptively immune from the jurisdiction of this Court. With the Attachment Motion, Plaintiffs seek to abrogate the immunity to which PDVSA is entitled under the FSIA and ultimately to execute on a judgment against the Republic by seizing and selling assets of PDVSA on the theory that PDVSA is the alter ego of Republic.

PDVSA seeks to intervene in this action pursuant to Federal Rules of Civil Procedure ("FRCP") 24(a)(2) and (b)(1)(B), without waiving any defenses that may be available to it, including but not limited to any defense under the FSIA.

---

on the Attachment Motion pending resolution of OIEG's, Huntington Ingalls', ACL's and Rusoro's attachment motions. Plaintiffs' counsel has not responded to PDVSA's requests.

I. **PDVSA Is Entitled To Intervention As Of Right**

Pursuant to FRCP 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Courts construe Rule 24 liberally in favor of intervention." *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, Civ. Nos. 14-874-SLR/SRF, 15-250-SLR/SRF, 2015 U.S. Dist. LEXIS 117422, at *5 (D. Del. Sept. 3, 2015) (citations omitted).

The Third Circuit requires four elements to intervene under FRCP 24(a)(2): "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *United States v. Terr. of V.I.*, 748 F.3d 514, 519 (3d Cir. 2014) (internal quotation marks omitted). PDVSA satisfies each of these elements. Indeed, this Court has previously permitted PDVSA to intervene under similar circumstances in a number of related cases. *See, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, Misc. No. 17-mc-151-LPS, D.I. 17 (D. Del. Aug. 28, 2017); *OI Eur. Grp. BV v. Bolivarian Republic of Venezuela*, Misc. No. 19-mc-290-LPS, D.I. 60 (D. Del. Mar. 19, 2021); *Northrop Grumman Ship Sys. Inc. v. Ministry of Def. of Republic of Venezuela*, Misc. No. 20-mc-257, D.I. 24 (D. Del. Feb. 10, 2021); *ACL1 Investments, Ltd., et al. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-0046-LPS, D.I. 15 (D. Del. Dec. 14, 2021); *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, Misc. No. 21-mc-481-LPS, D.I. 20 (D. Del. June 15, 2022).

Timely Application. This application is timely. In construing timeliness under Rule 24,

courts consider "(1) the stage of the proceeding; (2) the prejudice that delay [if any] may cause the parties; and (3) the reason for [any] delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal quotation marks omitted).

This proceeding is at an early stage. The Attachment Motion was just filed on October 7, 2022 and Plaintiffs will not suffer any prejudice as a result of PDVSA's intervention. The Court has yet to decide the motion or determine – as it must prior to granting the Attachment Motion – that it has subject matter jurisdiction to adjudicate the legal status of PDVSA and order the attachment of PDVSA's property. Thus, PDVSA is not asking the Court to revisit any earlier rulings in this case or for the parties to rebrief any issues. *See Wallach*, 837 F.3d at 378 (no prejudice where intervenors "have not sought to re-open discovery or rebrief class certification"); *Peterson v. Islamic Rep. of Iran*, 290 F.R.D. 54, 58 (S.D.N.Y. 2013) (finding that intervenors caused no prejudice to existing parties where "[t]he Court's decision on summary judgment is not affected by their intervention").

Notwithstanding the Court's March 2 Opinion in *OI Eur. Grp.*, Misc. No. 19-mc-290-LPS, D.I. 109 ("March 2 Opinion"), PDVSA maintains its position that Plaintiffs are not prejudiced by PDVSA's intervention for the additional reason that unless and until Plaintiffs obtain a specific license from the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC"), they cannot obtain the relief requested in the Attachment Motion. *See* 31 C.F.R. § 591.407 (prohibiting, absent a specific license, "the enforcement of any lien, judgment, arbitral award, decree, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in" blocked property); *id.* § 591.310 (defining "transfer" to include "any actual or purported act or transaction . . . the purpose, intent, or effect of which is to create, surrender, release, convey, transfer, or alter, directly or indirectly, any right, remedy, power,

4

privilege, or interest with respect to any property," including "the issuance, docketing, or filing of, or levy of or under, any judgment, decree, attachment, injunction, execution, or other judicial or administrative process or order, or the service of any garnishment."); *id.* § 591.309 (defining "property" and "property interest" to include any "property, real, personal, or mixed, tangible or intangible, or interests therein, present, future, or contingent.")[2]

For all of these reasons, PDVSA's application to intervene is timely.

Sufficient Interest in the Litigation.  The Attachment Motion seeks a ruling that PDVSA is the alter ego of the Republic, and seeks the eventual issuance and service of a writ of attachment against the shares of PDVH, which are wholly owned by PDVSA.  The threatened seizure and sale of PDVSA's property are more than sufficient to establish the requisite interest in this matter.  *See American Electronic Laboratories, Inc. v. Dopp*, 54 F.R.D. 241, 242-43 (D. Del. 1972) (pursuant to consent order, permitting bank to intervene for purpose of vacating attachment over shares of stock in which bank claimed an interest).

Disposition of the Matter Would Impair or Threaten PDVSA's Interests.  The Attachment Motion, if granted, would result in a ruling abrogating PDVSA's sovereign immunity under the FSIA and would authorize the eventual issuance and service of a writ of attachment against PDVSA's shares of PDVH.  If successful, the attachment, and eventual execution, would permanently deprive PDVSA of its 100% ownership interest in PDVH.  As a "practical matter,"

---

[2] *See also* U.S. Dep't of Treasury, OFAC FAQs: General Questions, FAQ No. 808 (2019), https://www.treasury.gov/resource-center/faqs/Sanctions/Pages/faq_general.aspx#basic ("a specific license from OFAC is required for . . . the enforcement of any lien, judgment, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked . . . .  This includes the purported creation or perfection of any legal or equitable interests (including contingent or inchoate interests) in blocked property.").

5

the relief sought in the Attachment Motion would substantially impair and threaten PDVSA's interests. *Terr. of V.I.*, 748 F.3d at 519.

Inadequate Representation. PDVSA is the 100% owner of the PDVH shares that are the target of the Attachment Motion. The Republic, the only named defendant in this action, does not have any direct interest in that property. Based on these facts, the "minimal" showing of inadequate representation required for intervention is more than satisfied. *See Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).

Accordingly, PDVSA is entitled to intervene under FRCP 24(a)(2).

## II. PDVSA Should Be Permitted To Intervene

Alternatively, PDVSA should be permitted to intervene under FRCP 24(b)(1)(B). Pursuant to FRCP 24(b)(1)(B), "[o]n timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The principal consideration with a motion for permissive intervention is whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also Wallach.*, 837 F.3d at 375, 377–78 (concluding that proposed intervenors' delay in filing was not undue).

As discussed above, PDVSA's motion for intervention is timely. Moreover, PDVSA has defenses that share common questions of law or fact with the main action; here, Plaintiffs' Attachment Motion. The Attachment Motion asks the Court to permit the eventual issuance and service of a writ of attachment against PDVSA's property on the theory that PDVSA is the alter ego of Venezuela. PDVSA seeks to intervene precisely so that it can defend against that claim and the attachment of its property (at the appropriate time). Finally, permitting PDVSA to intervene will not unduly delay or prejudice the original parties' rights given that the Attachment

Motion has not yet been ruled on by this Court and in light of the fact that Plaintiffs do not have the OFAC license that is necessary to obtain the relief that they seek.

Accordingly, the Court should permit PDVSA to intervene under FRCP 24(b)(1)(B).

### III. Briefing on the Attachment Motion Should Be Stayed

Because of the similarities between Plaintiffs' Attachment Motion and those filed by OIEG, Huntington Ingalls, ACL and Rusoro, briefing on Plaintiffs' Attachment Motion should be stayed pending resolution of those motions. Indeed, with the exception of Plaintiffs' citation to a handful of irrelevant, hearsay news articles, *see* D.I. 5-1 at 6-11, Plaintiffs' Attachment Motion is the same as the motions previously filed by similarly-situated creditors of the Republic.[3] All of the motions will require the Court to determine, among other issues, the effect of the United States' recognition of the Interim Government as the sole legitimate government of Venezuela and whether PDVSA is currently the Republic's alter ego such that PDVSA's property is available for attachment by Venezuela's creditors.

In its September 29, 2022 Memorandum Order entered in Misc. Nos. 19-mc-290-LPS (OIEG), 20-mc-257-LPS (Huntington Ingalls), 21-mc-46-LPS (ACL) and 21-mc-481-LPS (Rusoro), this Court set forth its view that "it is appropriate at this time for the above-captioned matters to proceed and for the Court to resume its consideration of the pending attachment motions . . . ." Misc. No. 19-mc-290-LPS, D.I. 116 at 3. PDVSA's position remains that the Court should not issue interim findings of fact on the alter ego issue in *any* of the pending cases, because none of the creditors has the requisite OFAC license that would empower the Court to issue and serve a writ of attachment, and none of the creditors can obtain priority in the PDVH shares unless and

---

[3] This is not surprising given that Plaintiffs are represented by the same counsel that also represents Huntington Ingalls.

until it obtains a specific OFAC license. *See id.*, D.I. 117 at 7. However, in light of the Court's expressed inclination to resume its consideration of the pending motions filed by OIEG, Huntington Ingalls, ACL and Rusoro—all of which will be fully briefed by November 14, 2022—it would be most efficient for the Court to first resolve those motions prior to requiring further briefing on the same issues in the instant case.

Accordingly, PDVSA requests that the Court stay briefing on Plaintiffs' Attachment Motion until the motions filed by OIEG, Huntington Ingalls, ACL and Rusoro are finally resolved.

## CONCLUSION

For the reasons set forth above, PDVSA respectfully requests that the Court grant its motion for leave to intervene and to stay briefing on the Attachment Motion.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel, II (# 4415)
shirzel@hegh.law
Aaron M. Nelson (# 5941)
anelson@hegh.law
Jamie L. Brown (# 5551)
jbrown@hegh.law
Kelly E. Rowe (# 6199)
krowe@hegh.law
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300

*Attorneys for Intervenor Petróleos de Venezuela, S.A.*

OF COUNSEL:

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Joseph D. Pizzurro
jpizzurro@curtis.com
Julia B. Mosse
jmosse@curtis.com
Kevin A. Meehan
kmeehan@curtis.com
Juan O. Perla
jperla@curtis.com
101 Park Avenue
New York, NY 10178
(212) 696-6000

Dated: October 18, 2022